IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARVIN BENTON,                             § | |
| § | |
| Plaintiff,         § | |
| § | Civil Action No. 3:13-CV-0927-D |
| VS.                                                        § | |
| § | |
| U.S. ENVIRONMENTAL              § | |
| PROTECTION AGENCY,             § | |
| BOB PERCIASEPE,                       § | |
| ACTING ADMINISTRATOR,     § | |
| § | |
| Defendant.    § | |

MEMORANDUM OPINION
AND ORDER

Defendant's motion to dismiss presents the question whether this court has subject matter jurisdiction in this action against a federal executive agency under the Uniformed Services Employment and Reemployment Act ("USERRA"), 38 U.S.C. § 4301 *et seq.* Concluding that plaintiff must present his complaint to the Merit Systems Protection Board ("MSPB") and seek review of any adverse decision in the United States Court of Appeals for the Federal Circuit, the court holds that it lacks subject matter jurisdiction and dismisses this action without prejudice. The court denies plaintiff's motion to consolidate as moot.

I

Plaintiff Marvin Benton ("Benton") sues defendant U.S. Environmental Protection Agency ("EPA")[1] alleging claims for employment discrimination arising under USERRA.

---

[1]The defendant's name includes "Bob Perciasepe, Acting Administrator," but it is apparent that there is only one defendant.

Benton is an officer in the U.S. Army Reserve.[2] He alleges that the EPA discriminated against him, in violation of 38 U.S.C. § 4311, by subjecting him to adverse treatment and by demoting him on account of his military status. The EPA moves to dismiss under Fed. R. Civ. P. 12(b)(1), contending that the court does not have subject matter jurisdiction because USERRA confers exclusive jurisdiction of claims by employees of federal executive agencies on the MSPB. Benton opposes defendant's motion. He also moves to consolidate this lawsuit with another suit currently pending before this court.[3]

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

---

[2]Under USERRA, service in the Army Reserve qualifies as "service in the uniformed services." 38 U.S.C. § 4303(13), (16); *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed. Cir. 1998).

[3]Benton requests that this case be consolidated with No. 3:06-CV-1591-D. No. 3:06-CV-1591-D has been previously consolidated with No. 3:07-CV-0144-D. In the prior consolidated action, Benton brings claims arising under the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 2301 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; and the Whistleblower Protection Act of 1989 ("Whistleblower Protection Act"), 5 U.S.C. § 1211 *et seq.*

USERRA prohibits employers, including federal agencies,[4] from discriminating against employees on the basis of their military status. *See* 38 U.S.C. §§ 4311(a), 4311(b). The statute establishes a detailed civil enforcement scheme. Under § 4322, a person who maintains that his employer has not complied with the statute "may file a complaint with the Secretary [of Labor] . . ., and the Secretary shall investigate such complaint." 38 U.S.C. § 4322(a). If the Secretary is unable to resolve the complaint, he must inform the complainant that he may "proceed under the enforcement of rights provisions provided under section 4323 (in the case of a person submitting a complaint against a State or private employer) or section 4324 (in the case of a person submitting a complaint against a Federal executive agency or the Office of Personnel Management)." 38 U.S.C. § 4322(e)(1), (2).

As § 4322(e) makes clear, the type of defendant determines the specific process for enforcing claims under the statute. If the complaint is against a state or private employer, the employee may file suit either in federal district court or state court. 38 U.S.C. § 4323(b)(1)-(3). But if the complaint is against a federal executive agency, the employee may either request that the Secretary refer the complaint to the MSPB, 38 U.S.C. § 4324(a)(1), or submit a complaint directly to the MSPB, 38 U.S.C. § 4324(b). If the complainant receives an adverse decision from the MSPB, he may appeal to the Federal Circuit. 38 U.S.C. § 4324(d)(1).

---

[4]"Employer" includes "any Federal executive agency." 38 U.S.C. § 4303(4)(A)(ii), (6); *Yates*, 145 F.3d at 1483. Notwithstanding the word "any," there are several exceptions for agencies that are not subject to the requirements of USERRA. *See* 38 U.S.C. § 4303(5). None of the exceptions applies to this case.

III

The EPA contends that the court lacks subject matter jurisdiction because Benton filed suit in this court, but the law requires that he submit his complaint to the MSPB and appeal any adverse decision to the Federal Circuit. Benton maintains that this court has jurisdiction because the statute uses the word "may" rather than "shall" or "must." Benton interprets § 4324 to provide a complaining employee an option: he can take his complaint to the MSPB (either directly or by requesting that the Secretary refer his complaint to the MSPB), or he can file a lawsuit in federal district court, without using the civil enforcement scheme set out in § 4324.

The court concludes that it lacks subject matter jurisdiction. So far as the court can determine, no court has adopted Benton's interpretation of USERRA.[5] And the uniform

---

[5] *See Johnson v. Dir., Office of Workers Comp. Programs*, 19 Fed. Appx. 616, 617 (9th Cir. 2001) (per curiam) ("Enforcement of USERRA rights is vested in the [MSPB], with the Federal Circuit having appellate review."); *Dew v. United States*, 192 F.3d 366, 372 (2d Cir. 1999) ("Section 4324 does not authorize a private USERRA action against the Federal Government, as an employer, in federal district court; rather, it confers jurisdiction upon the [MSPB]."); *Yates*, 145 F.3d at 1483 ("USERRA has a separate section dealing with Federal executive agencies . . . . Under § 4324, an adverse determination of the [MSPB] . . . may be the subject of a petition for review to [the Federal Circuit][.]"); *Padilla-Ruiz v. United States*, 893 F.Supp.2d 301, 308 (D.P.R. 2012) ("Plaintiffs' . . . argument . . . is that the language of the USERRA statute only *implies* that USERRA claims 'may' be brought before the MSPB, and thus, that plaintiffs' claim 'must' not be before the MSPB. Plaintiffs cite to no caselaw affirming this argument, and the Court declines to entertain arguments made with no legal foundation." (emphasis in original) (citation omitted)); *Wilborn v. Napolitano*, 2012 WL 354494, at *3 (S.D. Cal. Feb. 2, 2012) ("Plaintiff can only bring his USERRA claims in federal court by appealing a MSPB decision to the Federal Circuit and not by filing a new civil action in district court."); *Jordan v. Choa*, 2006 U.S. Dist. LEXIS 82561, at *15 (S.D. Cal. Nov. 13, 2006) ("[B]ecause section 4324 does not provide for another means of review, plaintiffs proceeding under it may not bring a federal district court action.") (citation omitted)

rejection of Benton's position is supported by a correct reading of USERRA. Congress took care to prescribe a detailed civil enforcement scheme for claims arising under USERRA. The statute contains several provisions that specify the forum and type of judicial review available to complainants. These vary depending on the nature of the defendant. Because Benton is suing a federal executive agency, his recourse is via the MSPB and then to the Federal Circuit. The court therefore grants defendant's motion to dismiss and dismisses this action without prejudice for lack of subject matter jurisdiction.

IV

Having granted the EPA's motion to dismiss, the court denies Benton's motion to consolidate as moot.[6]

---

(internal quotation marks omitted); *Baney v. Holder*, 2012 WL 3166298, at *4 (N.D. Tex. May 7, 2012) (Toliver, J.) ("The Court also lacks subject matter jurisdiction over Plaintiff's claims that the Department of Justice discriminated against him based on his military status in violation of USERRA."), *rec. adopted*, 2012 WL 3191877, at *1 (N.D. Tex. Aug. 3, 2012) (Fitzwater, C.J.).

[6]Although Benton does not explain the argument, he adverts to this case as a "mixed case" and cites *Valentine-Johnson v. Roche*, 386 F.3d 800 (6th Cir. 2004), as support for his position. *See* P. Br. 5, 7. Even if the court were to grant Benton's motion to consolidate, thereby combining his USERRA claims with his claims under the CSRA, Title VII, the ADEA, and the Whistleblower Protection Act, this case would not be a "mixed case." A "mixed case," as defined by 5 U.S.C. § 7702(a)(1)(A)-(B), is one where the complainant "combine[s] an adverse personnel action by a federal agency with claims of discrimination." *Valentine-Johnson*, 386 F.3d at 805. In mixed cases, the complaining party may file a "mixed case appeal" with the MSPB. *See* 29 C.F.R. § 1614.302(a)(2) (2012); *see also Sloan v. West*, 140 F.3d 1255, 1259-60 (9th Cir. 1998) (explaining differences between "mixed case complaint" and "mixed case appeal"). If the MSPB issues an adverse decision, or it fails to act timely, the complainant can *then* file suit in federal district court. *See Valentine-Johnson*, 386 F.3d at 805-06; *Butler v. West*, 164 F.3d 634, 638-39 (D.C. Cir. 1999). Benton does not allege that he has filed any claims with the MSPB, and, according to the EPA, he has not.

\* \* \*

For the reasons explained, the court grants defendant's May 21, 2013 motion to dismiss, and it denies Benton's March 11, 2013 motion to consolidate as moot. This action is dismissed without prejudice by judgment filed today.

**SO ORDERED.**

August 22, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

D. Reply Br. 5-6. Because Benton has not filed any claims with the MSPB, this is not a "mixed case appeal." *See, e.g., Wilborn*, 2012 WL 354494, at \*4; *Ercole v. U.S. Dep't of Transp.*, 2008 WL 4190799, at \*8 & n.4 (E.D.N.Y. Sept. 10, 2008). Consequently, Benton cannot proceed in federal district court on the basis that this is a "mixed case."